IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>PATRICK JEDIDYA LAVERDURE,<br><br>Defendant/Movant. | Cause No. CR 11-60-GF-BMM<br>CV 16-49-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Patrick Jedidya Laverdure's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Laverdure also filed a motion to reduce his sentence under 18 U.S.C. § 3582(c).

At the time he filed, Laverdure was proceeding pro se. On December 6, 2017, the Court appointed new counsel to represent Laverdure. Counsel filed an amended motion superseding Laverdure's *pro se* motion on May 14, 2018. *See* Order (Doc. 151) at 2 ¶ 3. The United States has filed an answer (Docs. 169, 171) and Laverdure a reply (Doc. 174).

## I. Background

In July 2010, sixteen-year-old M. told a records clerk at the Fort Peck Tribes' Department of Law and Justice that Laverdure, her uncle, had sexually

1

abused her several years earlier. *See* 1 Trial Tr. (Doc. 85) at 46:13–47:12. In the course of the ensuing investigation, FBI Agent Craig Overby interviewed Laverdure. On March 10, 2011, Agent Overby, Laverdure, and two other investigators sat outside Laverdure's residence in a tribal law enforcement officer's vehicle and talked for about 20 minutes. *See id.* at 93:2–94:4.

On April 19, 2011, using another agent's vehicle, Laverdure and Overby drove from Wolf Point to the FBI field office in Havre, a three-hour trip, for an interview with Agent Smiedala. *See* 1 Trial Tr. at 98:9–99:19. Smiedala testified that he interviewed Laverdure for about an hour and 25 minutes. *See id.* at 116:20–117:10. Agent Smiedala recorded a ten-minute summary of the interview. The government played the recording for the jury at trial. *See id.* at 101:1–11, 122:6–21.

In the interview, Laverdure said he inserted his finger in M.'s vagina while she was sleeping. He also said he fondled M.'s vagina while they were watching television on the couch and, on another occasion, engaged in the same conduct with S., M.'s little sister. *See id.* at 101:15–102:4, 117:21–118:21. Laverdure told the agents that he remembered several details, including what he and S. were wearing. *See* 2 Trial Tr. (Doc. 86) at 154:12–158:18. All together, the interview and round trip took from 8:00 a.m. to 7:00 p.m. *See* 1 Trial Tr. at 103:3–16.

A grand jury indicted Laverdure on June 20, 2011, on one count of

aggravated sexual abuse involving M., a violation of 18 U.S.C. § 2241(c) (Count 1); one count of sexual abuse involving M., a violation of 18 U.S.C. § 2242(2)(A) (Count 2); and one count of abusive sexual contact with S., a violation of 18 U.S.C. § 2244(a)(1) (Count 3). *See* Interlineated Indictment (Doc. 1-1) at 2-3.

Trial began on October 24, 2011. M. testified that she was awakened from sleep one night by Laverdure unbuttoning her pants and inserting his penis in her vagina. She testified that it hurt and that she was seven years old at the time. *See* 1 Trial Tr. at 53:7–54:17. M. recalled seeing Laverdure go to her sister's bed on the same night and picking up her sister when she started to cry. M. could not see whether Laverdure touched S. inappropriately. *See id.* at 54:20–55:16. At trial, S. testified that she remembered people coming to talk to her about Laverdure in 2010, but she did not remember anything else. *See id.* at 69:12–71:17. At the time of trial, M. was 18 years old, and S. was 16. *See id.* at 50:10–11, 65:21–22.

Two women testified about similar incidents with Laverdure. Both said Laverdure sexually assaulted them while they were sleeping. The incidents occurred in 1983 and 2009. Both women were adults at the time. *See* 1 Trial Tr. at 72:12–87:15; *see also* Fed. R. Evid. 413(a). Agents Overby and Smiedala also testified about their interviews with Laverdure.

Laverdure testified in his own defense. He denied abusing either girl. *See* 2 Trial Tr. at 144:25–145:24. He conceded that he had made the admissions as

3

described by the agents. He explained to the jury that he was "scared, nervous, thinking they wouldn't leave me alone if I didn't give them what they wanted. . . . because they're the FBI and I'm just a regular person." *See id.* at 145:9–15. Laverdure said he thought the agents knew what he was going to say. *See id.* at 160:4-9. Laverdure further explained that hearing him say it was "what I was there for. They brought me up there." *Id.* at 160:2–3. He "didn't think [he would] get in as much trouble for telling what [he] did" if, as he believed the agents had promised, the case "would go back to the tribes." *Id.* at 162:5–14.

After deliberating for about four hours, the jury asked for a transcript of M.'s testimony. The request was refused. *See* 2 Trial Tr. at 209:1–13, 210:21–212:10. About half an hour later, the jury returned a verdict against Laverdure, finding him guilty on all counts. *See id.* at 212:8–10, 213:13–19, 214:9–215:4; Verdict (Doc. 64) at 1–2.

The United States Probation Office prepared a presentence report. With a total offense level of 35 and a criminal history category of I, *see* Presentence Report ¶¶ 44, 46, the advisory guideline range for each of the three counts was 168 to 210 months, *see* U.S.S.G. ch. 5 Part A (Sentencing Table). The district court sentenced Laverdure on January 23, 2012, to serve 208 months on each count, concurrently, and a total of five years' supervised release to follow. *See* Minutes (Doc. 77); Judgment (Doc. 78) at 2–3.

4

Laverdure appealed. The parties stipulated that the evidence was not sufficient to support the conviction on Count 2. The Ninth Circuit rejected Laverdure's other arguments and remanded the case for resentencing. *See* Mem. (Doc. 94) at 4, *United States v. Laverdure*, No. 12-30035 (9th Cir. Feb. 12, 2013). The district court resentenced Laverdure on October 21, 2013, to serve 160 months on Counts 1 and 3, concurrent, to be followed by a total of five years' supervised release. *See* Minutes (Doc. 105); Am. Judgment (Doc. 106) at 2–3.

Laverdure again appealed. The United States conceded error in one of the conditions of supervised release. The Ninth Circuit again remanded the case for resentencing. *See* Mem. (Doc. 120) at 2, *United States v. Laverdure*, No. 13-30298 (9th Cir. June 29, 2015). The Court reimposed the previous sentence on December 1, 2015, and amended the previously overbroad condition of supervision. *See* Minutes (Doc. 131); [Second] Am. Judgment (Doc. 132) at 2–3, 4 (Special Condition No. 9).

Laverdure filed a petition for writ of *certiorari* on February 29, 2016. The Supreme Court denied it on April 18, 2016. *See Laverdure v. United States*, No. 15-8542 (U.S. cert. denied Apr. 18, 2016).

Laverdure timely filed his motion under 28 U.S.C. § 2255 on May 25, 2016. *See* 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

5

II. Claims and Analysis

Laverdure makes seven claims:

1. Agents coerced him to make a statement;

2. Agents failed to advise Laverdure of his rights in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966);

3. Agents failed to preserve evidence of the interview between Agent Smiedala and Laverdure before the ten-minute recorded summary in violation of *California v. Trombetta*, 467 U.S. 479 (1984);

4. Trial counsel failed to investigate Laverdure's fetal alcohol spectrum disorder;

5. Trial counsel failed to investigate the case;

6. Trial counsel failed to object the prosecution's other-acts evidence; and

7. Trial counsel failed to object to the prosecution's reference to a polygraph examination.

*See* Am. Mot. § 2255 (Doc. 161) at 1–2.

**A. Claims 1, 2, and 3**

The United States correctly asserts that Laverdure has procedurally defaulted on Claims 1, 2, and 3. *See* Answer (Doc. 169) at 5–7. A defendant must present his claims "to the right tribunal at the right time." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) (quoting *United States v. Guinan*, 6 F.3d 468, 474 (7th Cir. 1993) (Easterbrook, J., concurring)). Generally, "claims not raised on direct appeal may not be raised on collateral review." *Id.* at 504 (citing *Bousley v. United*

*States*, 523 U.S. 614, 621–22 (1998), and *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Trial and appellate courts represent the right tribunals in which to raise claims that a statement had been coerced, that a defendant did not know his *Miranda* rights, or that agents destroyed relevant evidence. Laverdure defaulted on the claims when he failed to raise them at trial or on direct appeal.

Laverdure may excuse his default in either (or both) of two ways. He might show cause for his default and the fact that he suffered prejudice from the violations that he alleges. In the alternative, Laverdure might show a fundamental miscarriage of justice will occur if his claims are not addressed, meaning that he is "actually innocent" and deserves an opportunity to press his claims. *See Bousley*, 523 U.S. at 622. "Cause" means "some objective factor external to the defense" that "impeded" Laverdure's ability to raise the claim in the criminal case. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Ineffective assistance of counsel . . . is cause for a procedural default." *Id.*

Laverdure briefly refers to trial counsel's failure to raise the defaulted claims at trial or on appeal. He claims that, "[h]ad trial counsel . . . sought to exclude the coerced confession . . . sought to explore the defendant's fetal alcohol [sic], and sought to litigate the Trombetta violation, a different result was likely." Br. in Supp. (Doc. 162) at 23; *see also* Reply (Doc. 174) at 2–3. These claims allege potential prejudice, rather than cause for failure to raise the claims.

7

To show cause, Laverdure must allege facts sufficient to support an inference that counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. Trial counsel reasonably may "fail to raise an issue because she foresees little or no likelihood of success on that issue." *Miller v. Keeney*, 882 F.3d 1428, 1434-35 (9th Cir. 1989). Laverdure alleges no fact, such as a controlling precedent on point, suggesting that any reasonably competent defense attorney would have raised the claims. Counsel dealt with Laverdure's statement by allowing the jurors to hear Laverdure's account of the interview and observe him for themselves. *See* 2 Trial Tr. (Doc. 86) at 139:19–145:25. Merely pointing to an alternative strategy does not demonstrate that trial counsel's strategy was unreasonable.

Counsel's performance is the only type of cause Laverdure proffers to excuse his procedural default of Claims 1, 2, and 3. His allegations do not meet the required standard. He does not attempt to show that he is actually innocent. Claims 1, 2, and 3 are dismissed with prejudice as procedurally defaulted without excuse.

**B. Claims 4, 5, 6, and 7**

8

These claims allege ineffective assistance of counsel. Unlike Claims 1, 2, and 3, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504.

Claims of ineffective assistance of counsel are governed by *Strickland*, 466 U.S. 668 (1984). At this stage of the proceedings, Laverdure must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687–88, and (2) that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### 1. Claim 4: Fetal Alcohol Spectrum Disorder

Laverdure claims counsel unreasonably failed to investigate his fetal alcohol spectrum disorder ("FASD") "and the role it played in his confession and ultimate conviction and subsequent sentencing." Br. in Supp. at 20. Laverdure implies that counsel's failure prejudiced him because FASD evidence would have supported claims of coercion, untimely *Miranda* advice, and failure to preserve exculpatory evidence (Claims 1, 2, and 3).

A competent defense attorney reasonably could build a defense on FASD.

9

The availability of an alternative strategy, however, does not show trial counsel's strategy or performance was unreasonable. Laverdure does not allege he told trial counsel of his FASD before sentencing. He does not allege that any competent attorney would have seen he had a serious cognitive or volitional deficit. He does not allege that his disorder was so obviously disabling that any reasonably competent attorney would have obtained an expert's evaluation. He does not allege he told trial counsel the same "facts" that habeas counsel describes[1] in the amended motion. *See* Am. § 2255 Mot. (Doc. 162) at 3–9. Laverdure fails to allege facts supporting an inference that any reasonably competent defense attorney would have pursued the FASD defense he now suggests.

### 2. Claim 5: Sister, Residence, and Location of Assault

Laverdure claims trial counsel should have called his sister—the complaining witnesses' mother—to testify that she never asked him to babysit the girls, should have pointed out that he lived in Poplar rather than Wolf Point at the time in question, and should have stated in closing argument that Laverdure described an assault in a different location than the victim described.

Even if counsel had done all of these things, Laverdure cannot show a reasonable probability exists that he would have been acquitted. Trial counsel reasonably could anticipate that the complaining witnesses' mother might alienate

---

[1] Habeas counsel calls his statements "quotes," *see id*. at 15, 16, but they are stated in "briefidavit" form, *see* Order (Doc. 33) at 7 n.1, *United States v. Medina*, No. CR 13-112-BLG-SPW (D. Mont. Nov. 4, 2014), unsupported by a declaration or affidavit from Laverdure.

the jury. *See, e.g.*, FBI 302 (Doc. 171) at 2 (referring to family pressure on complaining witnesses); *Id.* at 3 (referring to methamphetamine). The United States's first witness at trial was related to the complaining witnesses' father. *See* 1 Trial Tr. at 46:17–18, 47:6–9. Absent a unified family front, the mother's testimony was unlikely to undermine the girls' testimony, Laverdure's own statement to law enforcement, and the two witnesses who testified about similar prior incidents under Rule 413. Laverdure admitted that he had babysat the girls. *See* 2 Trial Tr. at 147:24–148:9. M.'s and Laverdure's different descriptions of the location of the abusive incident might indicate that two incidents happened.

The second prong of the *Strickland* test is not met. This claim is denied.

### 3. Claim 6: Other Acts Evidence

Laverdure claims that counsel should have objected to the testimony of the two witnesses called under Federal Rule of Evidence 413. *See* Br. in Supp. at 22 ¶ VI; Reply at 10 ¶ 1. The district court heard argument on a defense motion in limine to exclude the evidence on August 4, 2011. *See* Hearing Tr. (Doc. 55). Counsel properly raised and preserved the issue. Counsel raised the issue on appeal. Counsel lost both before the district court and the Ninth Circuit. *See* Mem. (Doc. 94) at 2 ¶ 1, *United States v. Laverdure*, No. 12-30035 (9th Cir. Feb. 12, 2013). This claim is denied.

### 4. Claim 7: Reference to Polygraph Examination

11

Laverdure withdraws this claim.  *See* Reply at 10 ¶ 2.

### III. Motion Under 18 U.S.C. § 3582(c)

The Court did not advise Laverdure an amended § 2255 motion would supersede both *pro se* motions.  *See* Order (Doc. 151) at 2 ¶ 3.  It will address the merits of the *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c).

Laverdure asks that his sentence on Count 3 reflect that the total offense level was 18, as stated in his presentence report.  *See* Mot. § 3582 (Doc. 138); Presentence Report (Doc. 108) ¶¶ 30–35.  Section 3582(c) does not authorize a second opportunity to challenge a guideline application.  18 U.S.C. § 3582(c).  At any rate, 18 was the adjusted offense level for Count 3.  *See* U.S.S.G. § 1B1.1(c).  The sentencing guidelines produced one advisory guideline range for all counts of conviction.  *See* U.S.S.G. §§ 3D1.1(a), 3D1.4, 3D1.5 (Nov. 1, 2015).  If Laverdure had been convicted only on Count 3, his offense level would have been 18.  Laverdure also was convicted of Count 1.  This conviction reset his base offense level for Count 3.  *See* Presentence Report ¶¶ 36–39.  The guideline calculation for Count 3 was correct.  This claim, *see* Mot. § 3582(c) (Doc. 138), is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Several of Laverdure's claims meet the relatively low threshold for a COA. Claims 1 through 3 have been procedurally defaulted. Laverdure fails to allege facts supporting an inference that unreasonable performance by trial counsel could excuse the default. As to Claim 4, Laverdure has demonstrated that a reasonably competent defense attorney would have pursued a defense based on fetal alcohol spectrum disorder. In Claim 5, Laverdure identifies omissions by trial counsel, that could indicate a reasonable probability of a better outcome. Claim 6 alleges that counsel should have objected to other acts evidence. Laverdure has withdrawn Claim 7.

Reasonable jurists would disagree on the need for further proceedings. A COA proves justified.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Laverdure's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 161) is **DENIED**.

2. Laverdure's *pro se* motion under 18 U.S.C. § 3582(c) (Doc. 138) is **DENIED**.

3. A certificate of appealability is **GRANTED** with regard to Claims 4, 5, and 6. A certificate of appealability is **DENIED** as to Counts 1, 2, 3, and 7. The Clerk of Court shall immediately process the appeal if Laverdure files a Notice of Appeal.

DATED this 23rd day of April, 2019.

_____
Brian Morris
United States District Court Judge