IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK JEDIDYA LAVERDURE, JR.,<br><br>Defendant. | CR 11-60-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Patrick Jedidya Laverdure, Jr. (Laverdure) has been accused of violating the conditions of his supervised release. Laverdure admitted alleged violations 1 and 2. The government satisfied its burden of proof with respect to alleged violation 3. Laverdure's supervised release should be revoked. Laverdure should be placed in custody for 6 months on Count 1, with 54 months of supervised release to follow. Laverdure should be placed in custody for 6 months on Count 3, with 30 months of supervised release to follow. The sentences on Count 1 and Count 3 should run concurrently.

## II. Status

Laverdure was convicted of aggravated sexual abuse, sexual abuse, and abusive sexual contact on October 25, 2011, following a jury trial. (Doc. 65). The Court sentenced Laverdure to 208 months of custody, followed by 5 years of supervised release. (Docs. 78). Laverdure's current term of supervised release began on December 13, 2022. (Doc. 202).

**Petition**

The United States Probation Office filed a Petition on September 15, 2023, requesting that the Court revoke Laverdure's supervised release. (Doc. 202). The Petition alleged that Laverdure had violated the conditions of his supervised release: 1) by having contact with the victim in this case; 2) by using a device capable of accessing the internet without obtaining the prior approval of his probation officer; and 3) by failing to successfully complete his outpatient sex offender treatment program.

**Initial appearance**

Laverdure appeared before the undersigned for his initial appearance on October 17, 2023. Laverdure was represented by counsel. Laverdure stated that he had read the petition and that he understood the allegations. Laverdure waived his right to a preliminary hearing. The parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 17, 2023. Laverdure admitted that he had violated the conditions of his supervised release: 1) by having contact with the victim in this case; and 2) by using a device capable of accessing the internet without obtaining the prior approval of his probation officer. The government proved that Laverdure had failed to successfully complete his outpatient sex offender treatment program. The violations are serious and warrant revocation of Laverdure's supervised release.

Laverdure's violations are Grade C violations. Laverdure's criminal history category is I. Laverdure's underlying offenses are Class A and Class C felonies. Laverdure could be incarcerated for up to 60 months on Count 1. Laverdure could be incarcerated for up to 24 months on Count 3. Laverdure could be ordered to remain on supervised release for up to 60 months on Count 1, less any custody time imposed. Laverdure could be ordered to remain on supervised release for up to 36 months on Count 3, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Laverdure's supervised release should be revoked. Laverdure should be incarcerated for 6 months on Count 1, with 54 months of supervised release to follow. Laverdure should be incarcerated for 6 months on Count 3, with 30 months of supervised release to follow. The sentences on Count 1 and Count 3 should run concurrently.

### IV. Conclusion

The Court informed Laverdure that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Laverdure of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Laverdure that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court **FINDS:**

> That Patrick Jedidya Laverdure, Jr. violated the conditions of his supervised release: by having contact with the victim in this case; by using a device capable of accessing the internet without obtaining the prior approval of his probation officer; and by failing to successfully complete his outpatient sex offender treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Laverdure's supervised release and commit Laverdure to the custody of the United States Bureau of Prisons for 6 months on Count 1, with 54 months of supervised release to follow, and 6 months on Count 3, with 30 months of supervised release to follow. The sentences on Count 1 and Count 3 should run concurrently.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of October, 2023.

John Johnston
United States Magistrate Judge